IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAISON A. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-694-SMY |
| | ) | |
| JOHN BALDWIN, | ) | |
| WEXFORD HEALTH INC., | ) | |
| JOHN/JANE DOE PHYSICIAN, and | ) | |
| JOHN/JANE DOE NURSES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jaison White, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges that while at Vienna Correctional Center ("Vienna"), Defendants were deliberately indifferent to his stomach ailment, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): On November 5, 2018, while incarcerated at Vienna Correctional Center, Plaintiff developed a stomach ailment after eating two trays from the commissary. (Doc. 1, p. 5). He woke in the middle of the night with severe stomach pains and watery stool. In the morning, he was able to drink apple juice before again developing a stomachache. He became light headed and asked a correctional officer to contact the healthcare unit. He used the bathroom several more times. (*Id*.). He drank more apple juice, but began vomiting. Plaintiff waited approximately ten minutes before talking with the correctional officer again. The officer told Plaintiff that he would take him to the healthcare unit if he vomited again. (*Id*.). Plaintiff began dry heaving and the officer escorted him to the healthcare unit. Plaintiff was seen by John Doe Nurse who assessed him. Plaintiff began vomiting again. (*Id*. at pp. 5-6). He was taken back to his cell because he could not hold his bowels and needed to use the bathroom.

A few hours after returning to his cell, Plaintiff was escorted back to healthcare unit to see Jane Doe Physician. (Doc. 1, p. 6). She evaluated Plaintiff, developed a treatment plan for his condition, and placed him in an observation cell to start him on an IV. Initially, the saline bag was not properly hooked up to Plaintiff's IV and he bled on the floor. The saline bag was then properly connected and Plaintiff was sedated. He awoke to John Doe Nurse cleaning the blood off the floor without sanitizer or bleach. Plaintiff was then directed to relieve himself in a plastic bottle and to provide a stool sample. He was monitored for several hours and was then transferred to the healthcare unit for further observation. (*Id*.).

Although Plaintiff was not initially restrained in the healthcare unit, he was later informed by correctional officers that he would have to be restrained and could ask to be unrestrained to use

the restroom. When officers did not respond quick enough to uncuff Plaintiff when he needed to use the restroom, he asked to be taken back to his cell and his observation ended. Plaintiff wrote a grievance about his illness, but did not receive a response before transferring to Lawrence.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count in this *pro se* action:

> **Count 1:** **John Doe Nurse and Jane Doe Physician were deliberately indifferent to Plaintiff's stomach ailment in violation of the Eighth Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Preliminary Dismissals

Although Plaintiff identifies John Baldwin and Wexford Health Inc. as Defendants in the caption of his Complaint (Doc. 1, p. 1), he fails to include any allegations against either Defendant in the statement of his claim. Further, as a corporation, Wexford can only be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has pointed to no such policy or practice that allegedly caused a violation of his constitutional rights. Accordingly, John Baldwin and Wexford Health Inc. are **DISMISSED without prejudice** for failure to state a claim.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Plaintiff also fails to state a claim against John Doe Nurse and Jane Doe Physician. Although Plaintiff alleges that he suffered from a stomach ailment that caused vomiting and watery stools, he fails to set forth facts sufficient to allege Defendants were deliberately indifferent to that ailment. In fact, he acknowledges that John Doe Nurse evaluated him and that Jane Doe Physician provided him with a saline IV and placed him on observation. Accordingly, Count 1 will be dismissed without prejudice.

**Motion for Counsel**

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has sent letters to several attorneys, but only received a response from one attorney who declined to take his case. Plaintiff claims that he needs counsel because he has limited knowledge of the law and does not understand procedural terms. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court finds Plaintiff capable of submitting an Amended Complaint should he choose to do so. Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as moot**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **September 19, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 8/22/2019**

*/s/ Staci M. Yandle*
**United States District Judge**