**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAISON A. WHITE, #Y29830,            ) | |
| )                                    | |
| Plaintiff,       ) | |
| )                                    | |
| vs.                                   ) | Case No. 19-cv-694-DWD |
| )                                    | |
| JOHN BALDWIN,                         ) | |
| and JOHN/JANE DOE (Warden/            ) | |
|   Administrator/Directors),           ) | |
| )                                    | |
| Defendants.     ) | |

## <u>MEMORANDUM AND ORDER</u>

**DUGAN, District Judge:**

      This matter is before the Court for case management. On December 10, 2020, the Court ordered Plaintiff Jaison A. White to show cause why this case should not be dismissed for his failure to file the consent/declination to consent form as required under Administrative Order No. 257, as well as his failure to submit notification of his change of address. (Doc. 21). Plaintiff was given until January 4, 2021, to file a response, but as of this date he has failed to do so.

      On August 22, 2019, the Court dismissed Plaintiff's original civil rights Complaint (Doc. 1) without prejudice pursuant to 28 U.SC. § 1915A for failure to state a claim upon which relief may be granted. (Doc. 9). Plaintiff was granted leave to file a First Amended Complaint, and he did so on October 18, 2019. (Doc. 13). The Court has not yet screened that pleading, pending Plaintiff's response to the Order to Show Cause.

      On November 20, 2019, Plaintiff was ordered to file the form indicating his consent or declination for the case to proceed before a Magistrate Judge. (Doc. 14). On January 13, 2020, Plaintiff was again ordered to file the form and was given an additional seven days to comply with

the order.  (Doc. 16).  Plaintiff was warned that failure to comply could result in sanctions.  *Id.*

Additionally, Plaintiff was informed of his duty to notify the Court within seven days of any change in his address.  (Docs. 5, 9).  On September 11, 2019, Plaintiff submitted a change of address to a private residence in Rockford, Illinois after he was released on parole.  (Doc. 10).  On January 21, 2020, he again updated his address after his reincarceration in Menard Correctional Center ("Menard").  (Doc. 17).  The Court was later notified by Menard officials that Plaintiff was released on parole on November 30, 2020, but Plaintiff has not advised the Court of his new address.  Mail sent to him at Menard has been returned as undeliverable.  (Doc. 22).  However, the December 10, 2020 Order to Show Cause (Doc. 21) was also mailed to Plaintiff at the Rockford, Illinois address he had previously provided (Docs. 10, 13).  That mail has not been returned to the Court, and Plaintiff has not filed a response.

Federal Rule of Civil Procedure 41(b) provides for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"  The Court finds that Plaintiff has failed to prosecute his claims. He was given three opportunities to submit his consent form and failed to do so.  He was warned that his failure to comply with the Court's Order would result in a dismissal of his claims and he still did not respond.  He failed to update his address with the Court.  It appears that Plaintiff no longer wishes to pursue his claims.  Accordingly, this action shall be dismissed with prejudice for failure to comply with court orders and for failure to prosecute.  *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b).  The dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal the dismissal of his case, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close the case and enter judgment accordingly. The Clerk is **FURTHER DIRECTED** to mail this order and the judgment to Plaintiff at: 977 Acorn St., Rockford IL 61101, as well as to his address of record at Menard Correctional Center.

**IT IS SO ORDERED.**

**DATED: January 19, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**